# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                     No. CIV 17-1236 JB\KBM

$20,000.00 IN UNITED STATES CURRENCY,

     Defendant-in-rem.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the United States' Motion to Strike Claimants' Answers for Lack of Standing, filed July 5, 2018 (Doc. 12)("Motion"). The Court held a hearing on September 20, 2018. The primary issue is whether the Court should strike Claimant Torence Haigler's Answer, filed February 15, 2018 (Doc. 3)("Haigler Answer"), and Claimant Toderick Smith's Answer, filed February 15, 2018 (Doc. 4)("Smith Answer"), because the Claimants lack statutory standing. The Court grants the motion on the condition that, if Haigler and Smith ("the Claimants") do not cure the deficiencies in their pleadings within ten days of the entry of this order, the Court will strike their Answers. The Court will allow the Claimants ten days to cure deficiencies in their pleadings, because it believes that allowing the Claimants a limited period to cure the deficiencies is not inconsistent with the language of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, will not thwart Supplemental Rule G's underlying purposes, and, given the equities, is consistent with the intent of Supplemental Rule G.

## FACTUAL BACKGROUND

On December 15, 2017, Plaintiff United States of America filed its Verified Complaint for Forfeiture In Rem.  See Doc. 1 ("Complaint").  The res, or properties, that are the subject of this action are $20,000.00 in United States currency.  See Complaint ¶ 2i, at 1.  Haigler claims ownership of $7,000.00 of the money, see Haigler Answer at 1, and Smith claims ownership of $7,000.00 of the money, see Smith Answer at 1.

The Complaint alleges that, on July 19, 2017, Border Patrol Agent Israel Torrones stopped a 2014 black Ford Fusion at the United States Border Patrol checkpoint located on I-10 west, mile marker 120.  See Complaint ¶ 7, at 2.  Smith, a United States citizen, was the driver, and Haigler and Brando Pettus, also United States citizens, were the occupants of the car.  See Complaint ¶ 7, at 3.  While Torrones questioned the car's occupants, another Border Patrol Agent, Jose Meza's trained drug detection canine, "Veeto," alerted positively on the car for the odor of an illegal controlled substance, after which Torrones sought and obtained Smith's consent for a canine inspection.  See Complaint ¶ 8, at 2.  Smith moved the vehicle to a secondary inspection area, and Smith, Haigler, and Pettus all exited the vehicle while Meza and Veeto conducted a canine drug inspection.  See Complaint ¶ 9, at 2.  Smith, Haigler, and Pettus all admitted to smoking marijuana recently, and all denied -- twice -- that they were traveling with contraband or large amounts of money.  See Complaint ¶ 9, at 3.  Haigler, the vehicle's owner, consented to Meza conducting a hand search of the vehicle.  See Complaint ¶ 10, at 3.  From the glove compartment, Meza

recovered a plastic bag containing a large amount of United States currency, and each occupant again denied the presence of money in the car. See Complaint ¶ 10, at 3.

Once Meza informed the car's occupants that he had discovered the bag of money, Smith stated, "Oh yeah, we're going to buy a car." Complaint ¶ 11, at 3. Meza asked why the occupants had not informed him of the money previously, and Haigler said, "I don't know. We were going to buy a car." Complaint ¶ 11, at 3. Agents then separated the car's occupants from one another, after which they provided conflicting accounts of how much money was in the bag, how much each of them had contributed, and where the money came from. See Complaint ¶ 12, at 3. In a sterile room, Veeto alerted positively to the bag of money for the odor of an illegal controlled substance. See Complaint ¶ 15, at 4.

The United States seeks forfeiture of the $20,000.00 of United States currency in the bag recovered from the vehicle, pursuant to 21 U.S.C. § 881(a)(6)[1], and 18 U.S.C. § 981(a)(c), which

---

[1]21 U.S.C. § 881(a)(6) subjects to forfeiture:

All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6). The United States alleges that the currency

was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

provides, "in part, for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting a 'specific unlawful activity' (SUA) as defined in 18 U.S.C. § 1956(c)(7), or conspiracy to commit such offense."  Complaint ¶ 20, at 5 (quoting 18 U.S.C. § 1956(c)(7)).

## **PROCEDURAL BACKGROUND**

On December 15, 2017, the United States filed its Complaint, stating:

> This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act and 18 U.S.C. § 1952 that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

See Complaint ¶ 1, at 1.  On January 24, 2018, the United States Attorney's Office sent, via certified and first class mail, copies of the Complaint and the Notice of Complaint for Forfeiture, filed July 5, 2018 (Doc. 12-2)("Notice"), to Haigler, Smith, and Mr. Raymond Johnson, the attorney who represented them in the related administrative forfeiture proceeding.[2]  See Motion

---

Complaint ¶ 18, at 4.

[2]The parties have not briefed the facts of the administrative proceeding, but in asset forfeiture, administrative forfeiture refers to "the process by which property may be forfeited by a seizing agency rather than through a judicial proceeding."  18 U.S.C. § 983.  Once the administrative proceeding begins, a claimant may contest the forfeiture by filing a claim, pursuant to the requirements outlined in 18 U.S.C. § 983(a)(2)(C).  See 18 U.S.C. § 1983(a)(2).  When a claimant files a claim, the asset forfeiture action is converted into a judicial proceeding, and the United States must, within ninety days, file a complaint in accordance with the supplemental rules.  See 18 U.S.C. § 1983(3).  The Motion indicates that Mr. Johnson represented Haigler and Smith in the related administrative forfeiture proceeding, see Motion ¶ 3, at 2, and the Court takes this to mean that Mr. Johnson represented Haigler and Smith in filing their claims in the administrative forfeiture proceeding, which converted the proceeding into a judicial action, and prompted the United States to file the Complaint.

¶ 3, at 2; Certified Mail and Receipts re Notice of Complaint for Forfeiture at 1-10, filed July 5, 2018 (Doc. 12-1)("Certified Mail and Receipts"). The Notice, which was mailed to Haigler, Smith, and Mr. Johnson via certified mail and first-class mail, states: "A civil complaint seeking forfeiture pursuant to 21 U.S.C. § 881(a)(6) was filed on December 15, 2017 in the United States District Court for the District of New Mexico on behalf of the United States of America, plaintiff, against the Defendant Property." Notice at 1. The Notice further states:

> All persons asserting an interest in or claim against the Defendant Property and who have received direct notice of the forfeiture action must file a verified claim with the Clerk of this Court pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, **thirty-five (35) days** after the notice is sent. In addition, any person having filed such a claim shall also serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within **twenty-one (21) days** after filing the claim.

Notice at 1 (emphasis in original).

On February 16, 2018, the United States filed a Notice of Publication, representing that a Notice of Forfeiture Action -- substantially the same as the Notice -- was published on www.forfeiture.gov from January 10, 2018, through February 8, 2018. See Complaint ¶ 2, at 2; Notice of Publication, filed February 16, 2018 (Doc. 7).[3]

---

[3]The Notice of Forfeiture Action published on www.forfeiture.gov states, in relevant part:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (January 10, 2018) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. 18 U.S.C. § 983(h)(1) permits a court

The Certified Mail and Receipts indicate that Haigler received the Complaint and the Notice via certified mail on January 27, 2018, see Certified Mail and Receipts at 2, and that his attorney, Mr. Johnson, also received the documents via certified mail, although Mr. Johnson did not date the return receipt, see Certified Mail and Receipts at 8, 10. The certified mailing to Smith was returned as unclaimed. See Certified Mail and Receipts at 4. The United States asserts, however, that the first-class mailings were delivered to both Claimants. See Motion ¶ 6, at 3. Neither Claimant filed a verified claim with the Clerk of the United States District Court for the District of New Mexico. See Motion ¶¶ 6-7, at 3. On February 15, 2018, the Claimants filed Answers. See Haigler Answer at 1; Smith Answer at 1.

On July 5, 2018, the United States filed the Motion. See Motion at 1. The United States moves to strike the Claimants' Answers, because the Claimants lack statutory standing. See Motion at 1. The United States argues that the Claimants filed only Answers, but not verified

---

to impose a civil fine on anyone asserting an interest in property which the court determines was frivolous.

The verified Claim and Answer must be filed with the Clerk of the Court, United States District Court for the District of New Mexico, 333 Lomas Blvd. NW, Albuquerque, NM 87103, and copies of each served upon Assistant United States Attorney Stephen Kotz, P.O. Box 607 Albuquerque, NM 87102, or default and forfeiture will be ordered. See 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Court Case Number: 1:17-CV-01236-KK-KBM; Notice of Forfeiture Action at 1, filed February 16, 2018 (Doc. 7-1)("Notice of Forfeiture Action").

claims under penalty of perjury, as Supplemental Rule G(5)(a) requires, and that, accordingly, the Court should strike their Answers pursuant to Supplemental Rule G(8)(c).  <u>See</u> Motion at 4.

The Claimants do not file a response.  <u>See</u> Motion at 1 ("Counsel for Plaintiff attempted to contact Claimants <i>pro se</i>, Torence Haigler and Toderick Smith, via letter regarding their position on this motion.  Claimants have not yet responded.  Accordingly, the motion is filed as opposed.").

The Court held a hearing on the Motion on September 20, 2018.  <u>See</u> Draft Transcript of Motion Hearing (taken September 20, 2018)("Tr.").[4]    The Court began by noting that the Claimants were not present in the courtroom.  <u>See</u> Tr. at 2:5 (Court).  The United States explained that, after the United States filed its Complaint, Haigler and Smith filed Answers.  <u>See</u> Tr. at 2:11-15 (Kotz).  The United States asserted that it provided notice to both Claimants by serving them with the Complaint, the Notice, and a letter that informed them that they would have to file a claim under oath as Supplemental Rule G(5)(A) requires.  <u>See</u> Tr. at 2:16-20 (Kotz).  The United States noted that the Claimants filed answers on February 15, 2018, but filed no other pleadings, prompting the United States to move to strike their Answers for failure to state a claim.  <u>See</u> Tr. at 2:20-25 (Kotz).  The United States argued that, by failing to file a verified claim, the Claimants lack statutory standing because of their failure to comply with Supplemental Rule G(5).  <u>See</u> Tr. at 3:3-6 (Kotz).  The Court asked the United States whether there are cases with the same facts where a claimant has filed an answer in court, but has not filed a claim, and whether the correct

---

[4]The Court's citations to the transcripts of the hearings refer to the court reporter's original, unedited versions.  Any final transcripts may contain slightly different page and/or line numbers.

remedy would be to strike the answers in those cases. See Tr. at 3:7-13 (Court). The United States asserted that striking the answers would be the correct remedy. See Tr. at 3:11, 14-18 (Kotz).

The Court next asked the United States what would happen if the Claimants want to file an untimely claim after the hearing, notarized and under oath. See Tr. at 3:19-22 (Court). The United States asserted that, to do so, the Claimants would need to ask for leave of the Court. See Tr. at 3:23-24 (Kotz). The Court next asked if the Claimants would have to ask for leave of the Court to file an administrative claim, and the United States asserted that the administrative claim is a separate matter, and the Claimants already have submitted claims in that matter. See Tr. at 3:25-4:5 (Court, Kotz). The United States argued that, notwithstanding the administrative proceeding, Supplemental Rule G(5) requires the Claimants to file a verified claim in the Court and then to follow that filing with an answer, and that the administrative claim cannot satisfy that requirement. See Tr. at 4:3-15 (Kotz). The Court next asked the United States what the Claimants' relationship is to the case, and the United States responded that they were in the vehicle from which the property at issue was seized. See Tr. at 4:16-22 (Court, Kotz). The Court sought clarification that the Claimants were not charged when the property was seized, and the United States confirmed that they were not. See Tr. at 4:21-23 (Court, Kotz).

The Court stated that it appeared to the Court that the Notice was delivered by first class mail to both individuals and that there was no response, and so the Court was inclined to grant the Motion. See Tr. at 5:3-12 (Court). The Court put on the record that the Court and the United States waited past 3:30 p.m., thirty minutes after the hearing was scheduled to begin, and no one

appeared on the Claimants' behalf, and no one contacted the Court's Courtroom Deputy to arrange to appear by telephone or otherwise participate in the hearing.  See Tr. at 5:20-25 (Court).  The United States also confirmed that the Claimants had not contacted it.  See Tr. at 6:1-2 (Kotz).

## LAW REGARDING CIVIL FORFEITURE ACTIONS

In a civil asset forfeiture case, the United States is the plaintiff, the property or asset is the defendant, and the claimant is the party seeking to intervene.  See United States v. $148,840 in U.S. Currency, 521 F.3d 1268, 1273 (10th Cir. 2008).  At the pleading stage, the claimant satisfies his or her burden of establishing constitutional standing by "alleging a sufficient interest in the seized property, such as an ownership interest, some type of lawful possessory interest, or a security interest."  United States v. $148,840 in U.S. Currency, 521 F.3d at 1273 (citing United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1204 (10th Cir. 2001); United States v. $515,060.42 in U.S. Currency, 152 F.3d 491, 498-99 (6th Cir. 1998)).

Supplemental Rule G "governs a forfeiture action in rem arising from a federal statute." Supp. R. G(1).  To discharge its notice obligations in a civil asset forfeiture action, the United States must provide notice of the action to any potential claimants.  See Supp. R. G(4). Supplemental Rule G(4)(a) relates to notice by publication.  See Supp. R. G(4)(a).  It states: "A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders."  Supp. R. G(4)(a)(i).  The notice must, unless the court orders otherwise: (i) "describe the property with reasonable particularity"; (ii) "state the times under Rule G(5) to file a claim and to answer"; and

(iii) "name the government attorney to be served with the claim and answer." Supp. R. G(4)(a)(ii). Supplemental Rule G(4)(b) relates to notice to known potential claimants. It states: "The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Supp. R. G(4)(b). The notice must state: (i) the date the notice is sent; (ii) "a deadline for filing a claim, at least 35 days after the notice is sent"; (iii) "that an answer or motion under Rule 12 must be filed no later than 21 days after filing the claim"; and (iv) "the name of the governmental attorney to be served with the claim and answer." Supp. R. G(4)(b)(ii).

To intervene in a civil asset forfeiture action, each claimant must meet both Article III and statutory standing requirements. See United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 150 n.9 (3d Cir. 2003); United States v. One 1985 Cadillac Seville, 866 F.2d 1142, 1148 (9th Cir. 1989)("We require proper standing to contest a forfeiture both as a statutory matter and as an Article III and prudential requirement."). See also United States v. 2007 Chrysler 300 Touring VIN:2C3KA53G27H883668, No. CIV 10-0246 JB/WDS, 2011 WL 1119701, at *3 (D.N.M. March 10, 2011)(Browning, J.)("A claimant must have standing to contest the forfeiture -- constitutional and statutory."). To demonstrate Article III standing, the claimant must have an interest in the property sufficient to create a "case or controversy." United States v. $8,221,877.16 in U.S. Currency, 330 F.3d at 150 n.9 (quoting United States v. Contents of Accounts Nos. 3034504504 & 14407143 (In re Friko Corp.), 971 F.2d 974, 984 (3d Cir. 1992)). To establish

statutory standing, a claimant must comply with Supplemental Rule G(5)'s pleading requirements. See United States v. $148,840 in U.S. Currency, 521 F.3d at 1273 n.3; United States v. $100,348.00 in U.S. Currency, 354 F.3d 1110, 1126 (9th Cir. 2004). See also United States v. 607 Maryland Avenue, 2015 WL 13667534, at *4 (D.N.M. Jan. 20, 2015)(Brack, J.)(stating that the "law is well established that in order to establish statutory standing in a forfeiture case, strict compliance with Supplemental Rule G(5) is required."). Supplemental Rule G(5) states that, to assert their claim in a civil forfeiture action, claimants must file both a verified claim, and an answer to the United States' complaint. See Supp. R. G(5). Supplemental Rule G(5)(a), delineating the requirements for filing a verified claim, states:

(a)    *Filing a Claim.*

(i)    A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

(A)    identify the specific property claimed;

(B)    identify the claimant and state the claimant's interest in the property;

(C)    be signed by the claimant under penalty of perjury; and

(D)    be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

(ii)    Unless the court for good cause sets a different time, the claim must be filed:

(A)    by the time stated in a direct notice sent under Rule G(4)(b);

<table>
<tr><td>(B)</td><td>if notice was published but direct notice was not sent to the claimant or the claimant's attorney, no later than 30 days after final publication of newspaper notice or legal notice under Rule G(4)(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site; . . . .</td></tr>
</table>

Supp. R. G(5)(a)(italics in original).

Supplemental Rule G(5) requires a claimant to file both a verified claim and an answer. "The claim and the answer, though similar, serve distinct purposes." <u>United States v. U.S. Currency in Sum of Two Hundred Sixty Thousand, Four Hundred and Eight Dollars ($261,480)</u>, No. 00-CV-3028 (FB), 2002 WL 827420, at *1 n.3 (E.D.N.Y. May 2, 2002)(Block, J.). A claim ensures that "[a]ny party who wishes to defend a forfeiture action [will] be forced to swear his interest in the forfeited property." <u>United States v. U.S. Currency in Sum of Two Hundred Sixty Thousand, Four Hundred and Eight Dollars ($261,480)</u>, 2002 WL 827420, at *1 n.3 (quoting <u>United States v. Beechcraft Queen Airplane</u>, 789 F.2d 627, 630 (8th Cir. 1986)). The answer functions to "state in short and plain terms [the] defenses to each claim . . . and to admit or deny the averments upon which the adverse party relies." 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1261 (2d ed. 1990). "The Rule's requirement that both a claim and an answer be filed is plain and unambiguous . . . . Strict compliance with the rule requires both a claim and an answer." <u>United States v. All Assets Held at Bank Julius Baer & Co.</u>, 664 F. Supp. 2d 97, 102-03 (D.D.C. 2009)(Friedman, J.). <u>See</u> <u>United States v. $19,840.00 in U.S. Currency More or Less</u>, 552 F. Supp. 2d 632, 636 (W.D. Tex. 2008)(Martinez, J.)("In order to defend against a forfeiture, a claimant must timely file both a claim and an answer.").

"The requirement that a claimant timely file a verified claim serves two purposes." United States v. 2007 Chrysler 300 Touring VIN:2C3KA53G27H883668, 2011 WL 1119701, at *4 (citing United States v. 51 Pieces of Real Prop. Roswell, N.M., 17 F.3d 1306, 1318 (10th Cir. 1994)). First, the claimant is forced to "come forward as soon as possible after forfeiture proceedings are initiated, so that the court may hear all interested parties and resolve the dispute without delay." United States v. 2007 Chrysler 300 Touring VIN:2C3KA53G27H883668, 2011 WL 1119701, at *4 (citations omitted). See United States v. 51 Pieces of Real Prop. Roswell, N.M., 17 F.3d at 1318 ("The purpose of the time restriction in Supplemental Rule C(6)[5] is 'to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay.'" (citation omitted)). Secondly, requiring claimants to file verified claims prevents false claims, by forcing the claimant to place himself at risk for perjury. See United States v. 51 Pieces of Real Prop. Roswell, N.M., 17 F.3d at 1318 ("The purpose of the verification requirement is to prevent false claims." (citations omitted)). The requirement that a claimant file an answer serves a distinct purpose -- a claimant must detail the claims and defenses which the claimant believes support his or her assertion of claim to the defendant property. See United States v. One 1996 Vector M12, 442 F. Supp. 2d 482, 486 (S.D. Ohio 2005)(Spiegel, J.).

Courts have required claimants to strictly comply with Supplemental Rule G(5)'s provisions. See United States v. $12,126.00 in U.S. Currency, 337 F. App'x 818, 820 (11th Cir.

---

[5]Supplemental Rule C(6) is the predecessor to what is now Supplemental Rule G(5).

2009)(unpublished)("We have emphasized that claimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action."); United States v. 2687 S. Deframe Circle, 2000 WL 216938, at *3, 208 F.3d 228 (10th Cir. 2000)(unpublished table opinion)[6]("First, courts have held that '[i]t is not an abuse of discretion for the district court to require strict compliance with Supplemental Rule C(6).'" (quoting United States v. One Parcel of Prop., 959 F.2d 101, 104 (8th Cir. 1992); citing United States v. One Dairy Farm, 918 F.2d 310, 312 (1st Cir. 1990); United States v. U.S. Currency in the Amount of $2,857.00, 754 F.2d 208, 212-13 (7th Cir. 1985); United States v. One 1978 Piper Navajo PA-31 Aircraft, 748 F.2d 316, 319 (5th Cir. 1984)); United States v. $5,565.00 in U.S. Currency, No. 09-cv-2212-WDM-MEH, 2010 WL 4222047, at *1 (D. Colo. Oct. 20, 2010)(Miller, J.), adopting No. 09-cv-02212-WDM-MEH, 2010 WL 4256211 (D. Colo. Sept. 20, 2010)(Hegarty, M.J.)("The requirements set forth in the Supplemental Rules 'must be strictly enforced.'" (quoting United States v. $25,790 in U.S. Currency, No. AW-09-3283, 2010 WL 2671754, at *2 (D. Md. July 2, 2010)(Williams, Jr., J.)(citations omitted)); United States v. Vehicle

---

[6]United States v. 2687 S. Deframe Circle is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished opinions are not precedential, but may be cited for their persuasive value.") The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court finds that United States v. 2687 S. Deframe Circle has persuasive value with respect to material issues and will assist the Court in its preparation of this Memorandum Opinion and Order.

<u>2007 Mack 600 Dump Truck, VIN 1M2K189C77M0362428</u>, 680 F. Supp. 2d 816, 823 (E.D. Mich. Jan. 20, 2010)(Rosen, C.J.)("Generally, courts have held claimants to strict compliance with the provisions of Rule G(5)."); <u>United States v. 40 Acres of Real Prop., More or Less</u>, 629 F. Supp. 2d 1264, 1273 (S.D. Ala. 2009)(Steele, J.)("Numerous courts have recognized that forfeiture claimants must strictly and scrupulously adhere to filing requirements in order to perfect standing."); <u>United States v. Approximately $70,000 in U.S. Currency</u>, No. 1:06-CV-01259-OWW-SMS, 2007 WL 2317136, at *5 (E.D. Cal. Aug. 9, 2007)(Snyder, M.J.)(stating that several policies support requiring strict compliance, "including the need to inform the Court that there is a claimant to the property who wants it back and intends to defend it, to avoid waste or unnecessary expenditure of judicial resources, and to further the important interest in the finality of judgments ultimately entered." (citing <u>United States v. Real Prop.</u>, 135 F.2d 1312, 1317 (9th Cir. 1988)); <u>United States v. $1437.00 in U.S. Currency</u>, 242 F. Supp. 2d 193, 195 (W.D.N.Y. 2002)(Curtin, J.)("Generally, strict compliance with the time periods of CAFRA and Rule C(6) is required.").

Supplemental Rule G(8)(c) allows the United States to move to strike a claimant's claim or answer under certain circumstances. <u>See</u> Supp. R. G(8)(c). Supplemental Rule G(8)(c) states: "At any time before trial, the government may move to strike a claim or answer . . . for failing to comply with Rule G(5) or (6), or . . . because the claimant lacks standing." Supp. R. G(8)(c). The advisory committee notes to Supplemental Rule G(8)(c)(i)(A) state: "As with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15." Supp. R. G(8)(c) advisory committee notes. While failure to

comply -- and strict compliance is the standard -- with Supplemental Rule G(5) or G(6) constitutes

grounds for a motion to strike a claimant's claim or answer pursuant to Supplemental Rule G(8)(c),

some courts, including the United States Court of Appeals for the Tenth Circuit, have stated that a

court may exercise discretion in extending the time for filing of a verified claim.  See United States

v. 2007 Chrysler 300 Touring VIN:2C3KA53G27H883668, 2011 WL 1119701, at *5; United

States v. $125,938,62, 370 F.3d 1325, 1328-29 (11th Cir. 2004)("A district court may require

claimants in forfeiture proceedings to comply strictly with the rule's requirements in presenting

claims to the court.  However, the court may exercise its discretion by extending the time for the

filing of a verified claim." (internal citation and quotation marks omitted)).  The Tenth Circuit, in

United States v. 51 Pieces of Real Property Roswell, N.M., addressed whether the district court

abused its discretion in refusing to grant the claimant additional time in which to file a claim and

answer.  See 17 F.3d 1306, 1319 (10th Cir. 1994).

Supplemental Rule C(6) provides that a claimant must "file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim."  Although the district court has discretion to extend the time in which a claimant must file a claim, "the court's discretion is not unbounded."  United States v. 1982 Yukon Delta Houseboat, 774 F.2d 1432, 1436 (9th Cir. 1985).  The court should exercise its discretion to allow a late claim only if "the goals underlying the time restriction and the verification requirement are not thwarted." Id.

The purpose of the time restriction in Supplemental Rule C(6) is "to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay."  1982 Yukon Delta Houseboat, 774 F.2d at 1436.  The purpose of the verification requirement is to prevent false claims.  See id.; United States v. Currency $267,961.07, 916 F.2d 1104, 1108 (6th Cir. 1990).  The government

commenced this civil forfeiture action in July 1991. Nitsua did not attempt to file a claim or otherwise assert any claim of ownership to the property until almost a year later, after the government had moved for default. Permitting a late filing under these circumstances would not further the goal of Supplemental Rule C(6)'s time requirements.

Moreover, the equities do not favor granting Nitsua additional time. See United States v. Borromeo, 945 F.2d 750, 753 (4th Cir.1991)(noting that "whether a particular claimant's circumstances constitute 'excusable neglect' . . . is equity-ridden" and discussing factors courts have considered when balancing the equities). We have determined that notice to Nitsua was good, and counsel for Nitsua admitted that at least one of Nitsua's principals was aware of the seizure and the forfeiture proceedings "not long after [they] occurred." App. to Appellee's Br., Tr. at 16. Nonetheless, Nitsua did not attempt to assert an interest in the property until almost a year after the forfeiture proceedings were commenced. Nitsua has neither suggested nor established that the government either encouraged the delay or misguided Nitsua in any way. Finally, and perhaps most significantly, Nitsua's counsel indicated that although Nitsua knew about the forfeiture proceedings, it purposely waited until after the criminal proceedings were concluded before filing a claim so as not to become entangled in the criminal action. See supra at n.13. Under the circumstances, the district court did not abuse its discretion in refusing to grant Nitsua additional time in which to file a claim and answer.

United States v. 51 Pieces of Real Prop. Roswell, N.M., 17 F.3d at 1318-19 (footnote omitted).

See United States v. 2687 S. Deframe Circle, 2000 WL 216938, at *3-4 (stating that the case before it -- where the claimant may have initially made a good-faith effort to comply with the rule, but the government would be severely prejudiced if he were allowed "to file a claim almost eight years after the government filed its complaint for in rem forfeiture of the defendant property," the claimant was properly served and had actual notice of the complaint, his answer was untimely and he never requested an enlargement of time to file his answer, and the United States did not encourage the delay or mislead him -- "is not a case in which a balance of the equities favors

mitigation and warrants a more liberal construction of Supplemental Rule C(6)").

Other courts have set forth similar considerations in determining whether a court should exercise its discretion to allow a late claim. The United States Court of Appeals for the Eleventh Circuit has stated that, in determining whether to exercise its discretion, a district court should consider

> the time the claimant became aware of the seizure, whether the Government encouraged the delay, the reasons proffered for the delay, whether the claimant had advised the court and the Government of his interest in defendant before the claim deadline, whether the Government would be prejudiced by allowing the late filing, the sufficiency of the answer in meeting the basic requirements of a verified claim, and whether the claimant timely petitioned for an enlargement of time.

United States v. $125,938.62, 370 F.3d at 1329 (citation omitted). See United States v. $61,500 U.S. Currency, 2009 WL 3053717, at *2 (stating that a district court has some discretion to allow a late claim, but that discretion is not unbounded, and that the court should consider: (i) when the claimant became aware of the seizure; (ii) "whether the government encouraged delay"; (iii) the reasons the claimant offered for his or her delay; (iv) "whether the claimant advised the court and the government of his interest in the property before the claim deadline"; (v) "whether the government would be prejudiced"; (vi) "the sufficiency of the pleadings in meeting the basic requirements of the verified claim"; and (vii) "whether the claimant timely petitioned for an enlargement of time." (internal citation omitted)); United States v. $48,000 U.S. Currency, No. 06-10952, 2007 WL 1467158, at *3 (E.D. La. May 18, 2007)(McNamara, J.)(stating that a district court "may excuse a claimant's failure to strictly comply with Supplemental Rule G(5) when

certain mitigating factors are present," such as: (i) the claimant timely attempted to file a timely claim or inform the United States of his or her interest, (ii) the claimant relied to his detriment on misinformation from the United States; (iii) the claimant actively pursued his interest in the defendant property and spent considerable resources preparing for trial; (iv) the claimant "was acting pro se"; (v) the government itself failed to follow the proper procedures"; and (vi) "the excuse or extension would not prejudice the government"); United States v. $1,437,00 U.S. Currency, 242 F. Supp. 2d 193, 195 (W.D.N.Y. 2002)(Curtin, J.)("A court, however, has the discretion to excuse a late filing if the claimant can show 'excusable neglect' and a meritorious defense. Mitigating factors . . . include a good faith attempt to file on time, detrimental reliance on government misinformation, and the expenditure of considerable time and resources preparing for trial." (internal citations omitted)).

## ANALYSIS

The United States argues that the Claimants lack statutory standing and that the Court should therefore strike their Answers. See Motion at 1. The United States asserts that the Claimants have not filed verified claims despite "having notice of the specific requirements of Supplemental Rule G(5) and ample opportunity to timely file the required pleading." Motion at 7. The United States argues that Answers signed under oath before a notary public are not sufficient substitutes for the verified claims that Supplemental Rule G(5) requires. See Motion at 8. The United States further contends that, even if the Answers were construed as verified claims within Supplemental Rule G(5)(a)'s meaning, the Claimants would still lack statutory standing,

because Supplemental Rule G(5) requires the filing of two distinct pleadings -- a verified claim, and an answer.  See Motion at 8-9.  The Claimants did not respond to the Motion.  They did not appear for the hearing on the Motion.  See Clerk's Minutes at 1, filed September 20, 2018 (Doc. 16).[7]

Having received the Complaint and Notice on January 27, 2018, see Certified Mail and Receipts at 2, Haigler's verified claim was due March 3, 2018 -- thirty-five days later -- and the Answer was due twenty-one days after that -- on March 24, 2018.  Smith's Complaint and Notice were returned as undelivered, see Certified Mail and Receipts at 4, and while Mr. Johnson received the Complaint and Notice, he did not date his receipt, so the Court cannot ascertain when he received it, see Certified Mail and Receipts at 8.  The United States asserts that the Claimants received the Complaint and Notice via first-class mailings but does not provide the date those mailings were received.  See Motion at 3.  The Claimants never filed verified claims with the Clerk of the Court. The Claimants filed their Answers on February 15, 2018.  See Haigler Answer at 1; Smith Answer at 1.

Supplemental Rule G(8) provides: "At any time before trial, the government may move to strike a claim or answer . . . for failing to comply with Rule G(5) . . . ."  Supp. R. G(8)(c)(i).  The United States argues that the Claimants have not complied with Supplemental Rule G(5), because

---

[7]Courts do not look favorably on a party's complete failure to respond to a pleading.  For instance, New Mexico Local Civil Rule 7.1(b) provides, in part: "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  N.M.L.R. Civ. 7.1(b).

they did not file verified claims in the Court.  See Motion at 3.  The Claimants pursued their claims

in a related administrative forfeiture proceeding, see Motion at 2, but nevertheless, a claim filed in

an administrative forfeiture, pursuant to Supplemental Rule G(5), is not a substitute for a claim.

Although it does not appear that the Tenth Circuit has addressed whether a claim in an

administrative forfeiture is a substitute for a claim pursuant to Supplemental Rule G(5), other

Courts of Appeals have addressed the issue.  In United States v. Thirty-Five Firearms, 123 F.

App'x 204 (6th Cir. 2005)(unpublished), the United States Court of Appeals for the Sixth Circuit

stated that a claimant's filing of a claim in the initial administrative forfeiture action was not an

adequate substitute for filing a verified claim in the judicial forfeiture action.  See 123 F. App'x at

206. The Sixth Circuit stated:

> First, the requirement of filing a verified claim under Rule C(6) is distinct and
> separate from that of filing an administrative claim with the seizing agency under
> 18 U.S.C. § 983(a)(2).  Rule C(6) does not indicate that the filing of an earlier
> administrative claim excuses the verified claim requirement.  Second, a verified
> claim differs from an administrative claim in that the claimant swears under oath
> that he has a claim to the property.  Verification forces the claimant to place
> himself at risk of perjury for a false claim.  Therefore, the Government's
> insistence on a verified claim is not, as the Lueneburgs suggest, form over
> substance.  The district court did not abuse its discretion in striking the
> Lueneburgs' answer for failure to file a verified claim.

123 F. App'x at 206-07.  In United States v. $5,730.00 in U.S. Currency, 109 F. App'x 712 (6th

Cir. 2004), the Sixth Circuit stated that an administrative claim does not satisfy Supplemental Rule

C(6)'s requirement. See 109 F. App'x at 714. See also United States v. 2007 Chrysler 300 Touring

VIN:2C3KA53G27H883668, 2011 WL 1119701, at *8.  Furthermore, the Claimants have not

argued to the Court that their claim in the related administrative forfeiture proceeding should

substitute for a verified claim as Supplemental Rule G(5) requires. The Court therefore concludes, pursuant to Supplemental Rule G(5), that the Claimants' administrative claims cannot substitute for a claim.

The Court concludes that -- although the Court determines they should not be construed as verified claims -- the Claimants' Answers cannot satisfy their burden of showing statutory standing, even if they are construed as verified claims within the meaning of Supplemental Rule G(5)(a). First, the Answers cannot substitute for verified claims, because they do not satisfy all the requirements that Supplemental Rule G(5)(a) outlines for verified claims. See supra at 11-12 (quoting Supp. R. G(5)(a)). While the Answers identify the specific property claimed, the Claimants, and their interests in the property, and are served on Mr. Stephen Kotz, the designated Assistant United States Attorney, the Claimants did not sign under penalty of perjury. See Haigler Answer at 2; Smith Answer at 2. As the United States notes in its Motion, the "under penalty of perjury" requirement, Supp. R. G(5)(a)(i)(C), is designed to protect against false claims, as discussed by:

> United States v. JP Morgan Chase Bank Account Number Ending 8215, 835 F.2d 1159, 1165 n.6 (9th Cir. 2016)(the verification requirement "serves to protect against the proliferation of false claims in asset-forfeiture proceedings."); United States v. $487, 825.00, 484 F.3d 662, 664-65 (3d Cir. 2007)(the requirement that a claimant file a timely verified claim serves two purposes: it forces claimants to come forward as quickly as possible, and it minimizes the danger of false claims); United States v. $125,934.62, 370 F.3d 1325, 1328 (11th Cir. 2004)(a verified claim is essential to conferring statutory standing and is necessary to deter the filing of false claims; the claim must be verified by the claimant) . . . .

See Motion at 8. Of all the requirements in Supplemental Rule G(5), "the requirement to sign the claim under penalty of perjury is the 'most significant.'" United States v. Thach, Criminal No.

DKC 12-624, Civil Action No. DKC 13-1984, 2013 WL 5177311, at *4 (D. Md. Sept. 12, 2013)(Chasanow, J.)(quoting United States v. $12,914.00, 828 F. Supp. 2d 822, 824 (D. Md. Dec. 2, 2011)(Hollander, J.)).  "The only safeguard the courts have against the filing of false claims in . . . [an] in rem proceeding is the threat that the filing of a false claim will trigger a perjury persecution."  United States of America v. $104,250.00 in U.S. Currency, No. 12-cv-03566-RDB, 2013 WL 2357787, at *4 (D. Md. May 29, 2013)(Bennett, J.).  See United States v. Fuller's Personal Property, 5:16-CV-688-D, 2018 WL 1465264 (E.D.N.C. Jan. 30, 2018)(Dever III, C.J.)(concluding that claimant's claim was untimely, because claimant failed to file it under penalty of perjury).  See also United States v. Thirty-Five Firearms, 123 Fed. App'x at 207 ("Verification forces the claimant to place himself at risk of perjury for a false claim.  Therefore, the Government's insistence on a verified claim is not . . . form over substance.").  The United States Court of Appeals for the Seventh Circuit acknowledges that there may be special circumstances permitting a court to accept a claim not verified under penalty of perjury:

> Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse.  Other courts have permitted standing without a verified claim in special circumstances.  *See*, *e.g.*, *United States v. Various Computers & Computer Equipment,* 82 F.3d 582, 585 (3d Cir. 1996)(ruling that a *pro se* claimant who filed a timely claim and answer could proceed when his claim was based on the district court's prior order of restitution); *United States v. One Urban Lot Located at 1 *598 Street A–1*, 885 F.2d 994, 1001 (1st Cir. 1989)(allowing a claimant to proceed after she filed a timely verified answer containing all the necessary information for a claim).  Nonetheless, in our view, it was proper for the district court to insist on strict compliance with Rule C(6) to establish standing in this case when special circumstances were absent.  *See*, *e.g.*, *United States v. $103,387.27*, 863 F.2d at 559; *United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993).

United States v. Commodity Account No. 549 54930 at Saul Stone & Co., 219 F.3d 595, 597-98 (7th Cir. 2000). No such special circumstances exist here. The Claimants did not sign their Answers under penalty of perjury, and therefore, do not safeguard against their falsity as the verification requirement intends. Accordingly, the Answers may not substitute for verified claims as Supplemental Rule G(5) requires.

Second, the purposes that a verified claim and an answer serve are distinct. See United States v. U.S. Currency in Sum of Two Hundred Sixty Thousand, Four Hundred and Eight Dollars ($261,480), 2002 WL 827420, at *1 n.3. "The Rule's requirement that both a claim and an answer be filed is plain and unambiguous . . . . Strict compliance with the rule requires both a claim and an answer." United States v. All Assets Held at Bank Julius Baer & Co., 664 F. Supp. 2d at 102-03. See United States v. $19,840.00 in U. S. Currency More or Less, 552 F. Supp. 2d at 636. Even if the Answers substituted for verified claims -- which they do not -- the Claimants would still have had to file two distinct pleadings each, and they did not. The Claimants have not strictly complied with Supplemental Rule G's requirements, and, pursuant to Supplemental Rule 8(C), the Court may grant the Motion and strike their Answers.

While failure to strictly comply with Supplemental Rule G(5) or G(6) constitutes grounds for a motion to strike a claimant's claim or answer pursuant to Supplemental Rule G(8)(c), the Court may exercise discretion in extending the time for filing of a verified claim. See United States v. 2007 Chrysler 300 Touring VIN:2C3KA53G27H883668, 2011 WL 1119701, at *5 ("Although the district court has discretion to extend the time in which a claimant must file a claim,

the court's discretion is not unbounded.  The Court should exercise its discretion to allow a late claim only if the goals underlying the time restriction and the verification requirement are not thwarted." (footnote, citations, and internal quotations omitted)(quoting United States v. 51 Pieces of Real Prop. Roswell, N.M., 17 F.3d at 1318-19)).  The Court will exercise its discretion to allow the Claimants ten days to cure the deficiencies in their pleadings.  Unlike in United States v. 51 Pieces of Real Property Roswell, N.M., 17 F.3d 1306, where permitting a late filing would not further the Supplemental Rule's goal, because the claimant did not come forward as soon as possible after the forfeiture proceedings were initiated, in this case, allowing the Claimants ten days to cure any deficiencies will not thwart the Supplemental Rule's underlying goals. Unlike in United States v. 51 Pieces of Real Property Roswell, N.M., where the claimant did not assert an interest in the property until approximately a year after the forfeiture proceedings were commenced, in this case, the Claimants' Answers would have been timely filed had they filed claims. They have not waited to assert an interest in the property until the forfeiture proceedings were completed or near a close.  Furthermore, allowing the Claimants ten days to cure deficiencies will not thwart the purpose of preventing false claims.  Instead, this extension will allow a limited period to ensure that the Claimants attest to their interests under penalty of perjury.

The equities weigh in favor of granting the Claimants a limited period to cure the defects in their pleadings.  The Notice to the Claimants was good, and the Claimants have not alleged that the United States encouraged the delay or misguided the Claimants.  The United States was aware of the Claimants' interests, and it served direct notice on them.  The Claimants' Answers would

have been timely filed had they filed a claim in this Court. The Court does not believe the United States will be severely prejudiced if the Claimants are allowed ten days to cure the deficiencies. The United States does not argue, in their Motion, that Claimants should not be allowed time to cure their deficiencies. Under these circumstances, the Court believes that the equities do not warrant that it require strict compliance with Supplemental Rule G at this stage of the proceeding. See United States v. 51 Pieces of Real Prop., Roswell, N.M., 17 F.3d at 1318 (considering whether the notice to the claimants was good, whether the claimant timely attempted to assert an interest, whether the government encouraged the delay or misguided the claimant, and whether the claimant purposefully waited before filing a claim in the property in determining whether the equities weighed in favor of granting the claimant additional time); United States v. 2007 Chrysler 300 Touring VIN:2C3KA53G27H883668, 2011 WL 1119701, at *11 (considering the same factors).

Moreover, Supplemental Rule G(8)'s advisory committee notes state: "As with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15." Supp. R. G(8) advisory committee notes. The advisory committee notes suggest a policy underlying Supplemental Rule G(8) of not striking a meritorious claim if the claimant's claim or answer may be cured of its defects. Although it is not clear that the Claimants can cure their failure to file a claim by amending their Answers to include their signatures under penalty of perjury, the Court concludes that its allowance of ten days to the Claimants to attempt to cure the defects in their pleadings is in accordance with the advisory committee notes' intent. See United States v. 2007 Chrysler 300 Touring

VIN:2C3KA53G27H883668, 2011 WL 1119701, at *12 (granting Claimants ten days to cure the deficiencies in their pleadings).

        If the Claimants do not cure the deficiencies in their pleadings within ten days of the entry of this Memorandum Opinion and Order, the Court will strike the Claimants' Answer.  <u>See</u> <u>United States v. 2687 S. Deframe Circle</u>, 2000 WL 216938, at *3-4 (stating that it is not an abuse of discretion for the court to require strict compliance with Supplemental Rule C(6), and concluding that the equities did not warrant a more liberal construction of the rule and supported the district court's decision to strike the claimant's answer "for failing to comply with Rule C(6)"); <u>United States v. $5,565.000 in United States Currency</u>, 2010 WL 4256211, at *2 ("Here, there is no dispute that the . . . potential claimant . . . has failed to file the requisite claim pursuant to Supplemental Rule G(5).  Consequently, he lacks statutory standing to proceed in this case.  Therefore, this Court recommends that the District Court strike the Answer filed by [the claimant] . . . ."); <u>United States v. $11,918.00</u>, 2007 WL 3037307, at *7 (concluding that the claimant was given repeated opportunities to file a claim but did not do so, that there were no mitigating factors, that a claimant "in a civil forfeiture case must establish both Article III standing and statutory standing," and that a claimant "who does not file a verified claim pursuant to the Supplemental Rules lacks standing in the forfeiture action," and stating that the answer is thus "immaterial and impertinent, and should be stricken").  Thus, the Claimants are cautioned to study the rule carefully and comply meticulously with every one of its requirements.

**IT IS ORDERED** that the United States' Motion to Strike Claimants' Answers for Lack of Standing, filed July 5, 2018 (Doc. 12), is granted on the condition that, if Claimants Torence Haigler and Toderick Smith do not cure all the deficiencies in their pleadings within ten days of this Memorandum Opinion and Order, the Court will strike the Claimants' Answers.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

John C. Anderson
   United States Attorney
Stephen R. Kotz
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Torence Haigler
Montgomery, Alabama

     *Defendant pro se*

Toderick Smith
Hope Hull, Alabama

     *Defendant pro se*